UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| TROY GARDNER,<br><br>    Plaintiff,<br><br>V.<br><br>OFFICER YOUNG and OFFICER CRANE,<br><br>    Defendants. | Civil Action No. 5: 22-20-KKC<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Troy Gardner is confined at the Fayette County Detention Center. Gardner has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order. Because Gardner is proceeding as a *pauper* and is a prisoner suing government officials, the Court must review his complaint prior to service of process. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Gardner alleges that on November 8, 2021, officers Crane and Young of the Lexington Police Department "entered his residence without exigent circumstances or search warrant." Gardner seeks damages. [R. 1 at 2, 7]

As Gardner indicates that he is a pretrial detainee [R. 1 at 1], the Court takes judicial notice of the online records of the Circuit and District Courts of Fayette County, Kentucky. *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009); *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites."). In September 2020 Gardner was charged in Fayette Circuit Court with various forms of identity and credit card fraud. Gardner was released on bond,

but when he failed to appear in person for a hearing in August 2021, the Fayette Circuit Court set a show cause hearing. Contemporaneously with those events, Gardner was charged in a second case with theft by unlawful taking, and a warrant was issued for his arrest. The Uniform Citation filed in that case indicates that said warrant was executed by officer Crane on November 8, 2021. Both criminal matters remain pending, with the latter set for trial in March 2022.[1]

Because Gardner's claim arising from his arrest relates to ongoing state criminal proceedings against him, the Court will abstain from exercising jurisdiction over this matter pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Absent truly extraordinary circumstances, a federal court should not exercise jurisdiction over a civil matter if doing so would interfere in any fashion with an ongoing criminal prosecution in state court. *Id*. at 44. If the state judicial proceeding implicates important state interests (here, Kentucky's enforcement of its criminal laws), abstention is generally warranted so long as the state court will afford the criminal defendant an adequate opportunity to raise constitutional challenges to his prosecution. *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006). While Gardner alleges that his arrest was made without a warrant or exigent circumstances to justify it, he offers no indication that the courts of Kentucky are incapable of or unwilling to fairly and fully adjudicate his claim under the Fourth Amendment. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

Because the circumstances present here satisfy all of the requirements for abstention under *Younger*, the Court will dismiss the case without prejudice at this juncture without reaching

---

[1] See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=CI&caseNumber=20-CR-00769-001&caseTypeCode=CR&client_id=0 and https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=DI&caseNumber=21-M-04952&caseTypeCode=MI&client_id=0 (visited on February 1, 2022).

jurisdictional or substantive questions. *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005) (*citing Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)); *see also Mayes v. Rozalski*, No. 5:20-88-HRW (E.D. Ky. Mar. 13, 2020), *aff'd*, No. 20-5364 (6th Cir. Oct. 9, 2020).

Accordingly, it is **ORDERED** as follows:

1. Plaintiff Troy Gardner's complaint [R. 1] is **DISMISSED** without prejudice.

2. This matter is **STRICKEN** from the docket.

Entered: February 1, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

3